UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-911-HAB-SLC |
| STACY HALL, | |
| Defendant. | |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a complaint against Miami Correctional Facility law librarian Stacy Hall that re-raises claims that were previously dismissed after the court determined that Mayberry had filed suit while still in the process of exhausting his administrative remedies. ECF 1; *see Mayberry v. Hall*, No. 3:22-cv-45-DRL-MGG (N.D. Ind. decided Oct. 2, 2023). Now the court must review the merits of this complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mayberry alleges that at the end of May 2021, he suffered a tort at the hands of staff members at Wabash Valley Correctional Facility. ECF 1 at 2. He feared retaliation if he filed a notice of tort claim, but he took the opportunity to do so when he was

transferred to Miami Correctional Facility. On October 17, 2021, he sent law librarian Stacy Hall a Request for Use of Law Library form, asking for a Notice of Tort Claim form. He did not receive one back until November 18, 2021.

That same day, he filled out the form, describing the tort, and sent another request to Stacy Hall, asking for copies of his Notice of Tort Claim so that he had enough copies to send to the proper parties. He did not get the copies back until December 13, 2021—after the statutory deadline to file his Notice of Tort claim. Now he is procedurally barred from pursuing that tort claim and sues Stacy Hall for denying him access to the court and for negligence under Indiana law.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev.

2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). Mayberry may proceed against Hall on a claim for denial of access to the courts.

Mayberry may not proceed against Hall on a state-law claim of negligence. The Indiana Tort Claims Act prohibits tort suits against government employees personally for conduct within the scope of their employment. *See* Ind. Code § 34-13-3-5(b); *see also Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). Here, responding to inmate request forms and making copies is without the scope of Hall's employment. Therefore, she cannot be personally sued for negligence.

For these reasons, the court:

(1) GRANTS Timothy Marcus Mayberry leave to proceed against Stacy Hall in her individual capacity for compensatory and punitive damages for intentionally delaying responding to his law library requests in October and November 2021, causing him to being barred from pursuing a May 2021 tort claim in violation of the Fourteenth Amendment;

3

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Stacy Hall at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Stacy Hall to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 27, 2024.

s/ Holly A. Brady  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT

4