UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **TIMOTHY MARCUS MAYBERRY,** | |
| **Plaintiff,** | |
| v. | Cause No. 3:23-cv-00911-ALT |
| **STACY HALL,** *in her individual capacity,* | |
| **Defendant.** | |

## OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion to alter or amend the entry of summary judgment on behalf of Defendant.[1] (ECF 118). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In this case, Mayberry asserted a claim against Stacy Hall for interfering with his access to the courts by delaying her response to his law library requests at the Miami Correctional Facility, which prevented him from pursuing a tort claim against a librarian at the Wabash Valley Correctional Facility under the Indiana Tort Claims Act (ITCA) in State court. (ECF 5). The

---

[1] Mayberry also filed a motion for leave to file an oversized brief in support of this motion (ECF 119) and a motion to extend the deadline to file a reply (ECF 122), which the Court grants.

parties filed cross-motions for summary judgment. (ECF 52, ECF 89). On June 30, 2025, the Court entered an order granting summary judgment in favor of Defendant.[2] (ECF 109). The Court focused on whether the claim regarding the May 2021 incident was a potentially meritorious legal claim and, specifically, on whether Mayberry had demonstrated "an injury proximately caused by the breach of duty." (*Id.* at 8-11). In an unsubmitted Notice of Tort Claim form dated November 18, 2021, Mayberry described his underlying tort claim as follows:

> On May 26, 2021, while attending the law library at Wabash Valley Correctional Facility, my legal work (property) was arbitrarily destroyed without cause and I was not reimbursed for its preparation of given just cause. There was a woman unknown to me working this day. The value of my legal work in preparation and work hours, I value at at least $200 dollars but potential for relief the legal work could have brought I value in the thousands. I felt intimidated at W.V.C.F. so I was afraid to file this tort, but since then I have moved and am pursuing this tort within the statutory time. In a safe environment where W.V.C.F. cannot retaliate.

(ECF 1-1 at 12).

In assessing the merits of the underlying tort claim, the Court observed that the unidentified librarian merely destroyed a copy of the legal work and that the record contemplated the existence of the original motion and other copies in the possession of his friend and an attorney. (ECF 109 at 8-11). The Court found that Mayberry had multiple alternative examples for obtaining another copy even crediting his fear of physical retaliation by correctional staff, including: (1) asking his friend for a copy without mentioning how he lost the copy; (2) asking his friend for a copy after his transfer to the Miami Correctional Facility; (3) asking the attorney for a copy or to file it on his behalf; and (4) preparing a substantially equivalent motion from memory using his access to the law library. (*Id.*). The Court found that Mayberry could not demonstrate injury related to his family related matter given the lack of detail in the record. (*Id.*).

---

[2] Notably, Magistrate Judge Susan L. Collins entered this order, and thereafter this case was reassigned to the undersigned as a result of her retirement.

The Court further found that even the $200 payment was supported only from hearsay from an unidentified friend. (*Id.*). The Court concluded that the record lacked sufficient evidence for a reasonably jury to have found that a claim based on the May 2021 incident was potentially meritorious. (*Id.*).

In the motion to reconsider, Mayberry argues that, even if he was not entitled to these categories of damages, he might have been entitled to nominal damages. Upon further review of tort law, it appears that this argument improperly conflates damages with injury, but so too did the Court in granting summary judgment. *See* RESTATEMENT (SECOND) OF TORTS § 7 (defining injury); RESTATEMENT (SECOND) OF TORTS § 902 (defining damages). Mayberry may not be entitled to compensatory damages for the librarian's destruction of his copy of the legal document, but he has adequately demonstrated for purposes of summary judgment that she caused him legal injury by destroying his property regardless of its value or the harm its destruction caused him. Consequently, the Court now finds that a reasonable jury could find that Mayberry had a meritorious underlying claim.

Notably, the Court also granted summary judgment on the basis that Mayberry's decision not to submit the tort claim to the claims administrator or State courts despite its untimely nature. (ECF 109 at 11-12). The Court observed that the State defendants might have declined to assert untimeliness or that the State courts might have excused it based on equitable principles or opted to resolve the claim on the merits as matter of judicial economy. (*Id.*).

Mayberry argues that *Jones v. Van Lanen*, 27 F.4th 1280 (7th Cir. 2022), undermines this line of reasoning. In that case, the Seventh Circuit stated, "In no way does our analysis establish a filing requirement for plaintiffs with an access to courts claim. The Supreme Court has rejected

3

such a prerequisite, and we too have underscored the same point." *Id.* at 128. In light of *Jones*, the Court also declines to rely on this line of reasoning as a basis for summary judgment.

In response to the motion to reconsider, Defendant argues that the Court could have granted summary judgment based on their other summary judgment arguments. After reviewing these arguments, the Court remains unpersuaded that summary judgment is appropriate for Mayberry's claim. Defendant argues that the record contains no evidence that intentionally denied Mayberry's access to the courts, but a reasonable jury could find such intent based on Mayberry's attestation that Defendant told him "the more annoying you are, the longer its gonna take" in response to his request for a tort claim form. (ECF 54 at 2-3). Defendant argues that the record contains no evidence that Mayberry made any effort to obtain a tort claim form for the May 26 incident from Defendant, but Mayberry attested that he requested such a form from Defendant on three separate occasions: once in writing, and twice in person. (*Id.* at 1-3).

Defendant further argues that "[Mayberry's] own actions lead to the missed deadline" because he submitted a tort claim regarding a different incident on November 10, 2021. (ECF 88 at 9). It is unclear how this argument would entitle Defendant to summary judgment. *See Harer v. Casey*, 962 F.3d 299, 308 (7th Cir. 2020) ("To determine whether a plaintiff has meaningful and effective access to court, we require the plaintiff to identify: (1) a nonfrivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement."). While Mayberry may have been able to submit a tort claim regarding the May 26 incident on November 10, 2021, this ability does not unequivocally suggest that Defendant lacked the requisite intent or that Defendant's actions did not impede Mayberry's efforts to pursue the tort claim in other ways as required for summary judgment. Moreover, to the extent Defendant is attempting to assert

4

contributory negligence as a defense, "it is well settled that contributory negligence is not a defense to an allegation of intentional or reckless conduct." *Santiago v. Lane*, 894 F.2d 218, 224 (7th Cir. 1990).

In sum, the Court has reconsidered its two bases for summary judgment and declines to rely on them. The Court has also considered Defendant's alternative arguments for summary judgment and finds that that they do not entitle Defendant to summary judgment. Consequently, the Court will vacate its ruling granting summary judgment in favor of Defendant and will allow Mayberry to proceed on his interference with access to the courts claim against Defendant.

For these reasons, the Court:

(1) GRANTS the motion for leave to file an oversized brief (ECF 119);

(2) GRANTS the motion to extend (ECF 122);

(3) GRANTS the motion to reconsider (ECF 118);

(4) VACATES the ruling granting summary judgment in favor of Defendant (ECF 109); and

(5) DIRECTS the clerk to reopen this case.

SO ORDERED.

Entered this 20th day of October 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge