**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| TIMOTHY MARCUS MAYBERRY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:23-CV-64-JEM |
| | ) | |
| JENNA SCHLARF, | ) | |
| Defendant. | ) | |
| | ) | |
| TIMOTHY MARCUS MAYBERRY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:23-CV-911-JEM |
| | ) | |
| STACY HALL, | ) | |
| Defendant, | ) | |

**OPINION AND ORDER**

This matter is before the Court on a motion to reconsider the order granting Defendants'

motion to enforce the settlement agreement, filed on June 25, 2026, by Plaintiff, who is proceeding

without counsel, at [DE 230] in *Mayberry v Schlarf*, cause number 3:23-CV-64-JEM, and at [DE

180] in *Mayberry v, Hall*, cause number 3:23-CV-911-JEM.

On June 1, 2026, the Court granted a motion to enforce settlement agreement and found

that the parties had reached a binding agreement to settle the case. The case was then dismissed on

June 23, 2026, after Defendants fulfilled the requirements of that agreement. Plaintiff now requests

that the Court reconsider its order enforcing the settlement agreement.

Plaintiff requests that the motion be considered pursuant to Rule 54(b). That Rule provides

that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or

parties," Fed. R. Civ. P. 54(b). Rule 54(b) is inapplicable here. However, construing the request

for relief liberally in light of Plaintiff's *pro se* status, the Court analyzes the instant motion as a

1

motion to reconsider. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed."). The Court has inherent authority to reconsider interlocutory decisions at any time before final judgment. *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). Final judgment has been entered in this case, but it appears that Plaintiff may have sent the motion before he received notification of that fact, so the Court will address his arguments.

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024). "Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* "Further, motions for reconsideration generally are not encouraged . . . because, in general, a district court's rulings are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cima v. WellPoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S.D. Ill. 2008).

Plaintiff argues that he was not afforded sufficient time after the filing of the motion to prepare and file a reply in support of his motion for a hearing and that the Court erred in failing to hold a hearing and make a credibility determination. Defendant filed its motion to enforce settlement on April 13, 2026, and the Court entered an Order on that motion on June 1, 2026. In its Order, the Court addressed Plaintiff's May 18, 2026, request for a hearing, finding that it had enough evidence before it to determine whether a settlement agreement exists and therefore did not need an evidentiary hearing. It is apparent that Plaintiff disagrees with this determination and wants the opportunity to have a hearing, However, as the Court explained, where a court has

enough evidence before it to determine whether a settlement agreement exists, no evidentiary hearing is necessary. In this case, the Court found that the representations of the parties and reiteration of the terms of the agreement by Judge Abizer Zanzi, who held the judicial settlement conference, was adequate. Plaintiff's disagreement with the outcome and desire for additional opportunities to make arguments to the Court are not reasons for the Court to reconsider its prior determinations. Plaintiff again argues that there was no meeting of the minds at the settlement conference. As the Court explained in its previous Order, "It appears that Mayberry now regrets some of the components of the agreement, but that does not void its existence – it is still a binding agreement." The Court did not misunderstand Plaintiff or make a decision outside the issues in the briefing, and no new facts or law have come to light since the initial order. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

For theses reasons, the Court **DENIES** the motion to reconsider at [DE 230] in *Mayberry v Schlarf*, cause number 3:23-CV-64-JEM, and at [DE 180] in *Mayberry v, Hall*, cause number 3:23-CV-911-JEM.

SO ORDERED this 29th day of June, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, *pro se*